UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

LAURA SMAY, )
)
    Plaintiff, )
)
vs. ) No.
)
BRADY 5202, LLC, d/b/a HOTEL )
DAVENPORT AND CONFERENCE )
CENTER; and SARBJIT DOSANJH )
)
    DefendantS. )

# COMPLAINT

Plaintiff Laura Smay ("Smay" or "plaintiff"), by and through her attorneys, Katz Nowinski P.C., states as follows for her Complaint against defendants Brady 5202, LLC, d/b/a Hotel Davenport and Conference Center and Sarbjit Dosanjh :

## COUNT I - FLSA

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Laura Smay is a resident of Davenport, Scott County, Iowa.

2. Defendant Brady 5202 LLC is an Iowa Limited Liability Company doing business as Hotel Davenport and Conference Center, hereinafter "Hotel Davenport" or "defendant."

3. Defendant Sarbjit Dosanjh is, on information and belief, a non-resident of the State of Iowa who is a member and manager of the defendant, Brady 5202, LLC and its business, Hotel Davenport and Conference Center.

4. This court has subject matter jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This cause of action arose in Scott County, Iowa. Therefore, venue in this court is proper under 28 U.S.C. § 1391(b).

## GENERAL FACTUAL ALLEGATIONS

6. At times relevant to this Complaint, Smay was employed by Hotel Davenport as a front desk coordinator or manager.

7. Plaintiff began her employment with Hotel Davenport in June, 2016, and was employed until October 27, 2016.

8. By July, 2016, plaintiff had been promoted to front desk manager, and was paid $10.00 per hour.

9. Regardless of the number of hours she worked, defendants paid plaintiff for forty (40) hours per week.

10. During her employment with defendant, plaintiff regularly exceeded forty hours of work per week.

11. Specifically, from July, 2016 through October 27, 2016, plaintiff totaled 860 hours of overtime for which she was not paid.

## CLAIM FOR RELIEF

12. During the employment of plaintiff by defendants, defendant Brady 5202, LLC was an "employer" within the definition of that term as defined by 29 U.S.C. § 203(d)..

13. During the employment of plaintiff by defendants, defendant Sarbjit Dosanjh was an "employer" within the definition of that term as defined by 29 U.S.C. § 203(d) as he exercised

decision-making authority in regards to plaintiff and her compensation at Hotel Davenport and Conference Center.

16. During the employment of plaintiff by defendants, plaintiff was an "employee" within the definition of that term as defined by 29 U.S.C. § 203(e)(1).

15. During the employment of plaintiff by defendants, Hotel Davenport and Conference Center constituted an "enterprise" within the definition of that term as defined by 29 U.S.C. § 203(r)(1), that was engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A)(i).

16. Pursuant to 29 U.S.C. § 207(a)(1), plaintiff was entitled to overtime compensation at a rate of not less than one-and-one-half her regular rate of pay for each hour over forty hours that she worked for defendants in a given week.

17. Defendants failed to comply with 29 U.S.C. § 207(a)(1) in that plaintiff worked for defendants in excess of forty hours a week but defendant failed to pay plaintiff overtime compensation for 860 hours at the rate required by 29 U.S.C. § 207(a)(1).

18. Plaintiff is thus entitled to $12,900 (860 hours x $15/hour) in unpaid overtime compensation.

19. Plaintiff did not qualify as an exempt executive, administrative or professional employee under 29 U.S.C. § 213(a) because, *inter alia*, she did not average at least $455.00 per week as required and/or established in 29 C.F.R. § 541.600.

20. Plaintiff Laura Smay advised defendant Sarbjit Dosanjh that failure to pay her overtime was a violation of the law because she was not earning, on average, at least $455.00/week.

21. Despite being informed of the law by plaintiff, defendants willfully violated 29 U.S.C. § 207(a)(1).

3

22. Plaintiff is therefore entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of $12,900.

23. Plaintiff is also entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 216(b).

WHEREFORE, plaintiff Laura Smay respectfully prays that this court enter judgment in her favor and against defendants, Brady 5202, LLC, d/b/a Hotel Davenport and Conference Center, and Sarbjit Dosanjh for damages in the amount of $12,900.00 (the amount of her unpaid overtime compensation), plus $12,900.00 for liquidated damages. Plaintiff further requests recovery of her costs, expenses and attorneys' fees pursuant to 29 U.S.C. § 216(b). Plaintiff also prays for such other and further relief the court deems just and proper.

LAURA SMAY, Plaintiff

By: /s/John F. Doak

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
Email: jdoak@katzlawfirm.com